UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8|13|12
```

------------------------------------X

ERIC ALVAREZ,

                     Plaintiff,             10 Civ. 6130

   -against-                        OPINION

CITY OF NEW YORK, ET AL.,

                     Defendants.

------------------------------------X

A P P E A R A N C E S:

        <u>Plaintiff Pro Se</u>

        Eric Alvarez
        10-A-5342
        Bare Hill Correctional Facility
        181 Brand Road, Caller Box #20
        Malone, NY  12953-0020

        <u>Attorneys for Defendants</u>

        NEW YORK CITY LAW DEPARTMENT
        100 Church Street, 3rd Floor
        New York, NY  10007
        By:  Elizabeth Norris Krasnow, Esq.
             Ellen Lori Buckwalter, Esq.

**Sweet, D.J.**

Plaintiff Eric Alvarez ("Alvarez" or the "Plaintiff") has filed a motion pursuant to Fed. R. Civ. P. 26 requesting discovery in his civil action against the City of New York and Correction Officers Errol Rich ("Rich"), Luis Santos ("Santos") and Patrick Thom ("Thom" and, collectively with the City of New York, Rich and Santos, the "Defendants"). On the facts and conclusions set forth below, Plaintiff's motion is granted in part and denied in part.

**Prior Proceedings**

On August 17, 2010, Plaintiff filed a civil complaint against Defendants, alleging that he was subject to excessive force during a visit to the Bronx criminal court on July 8, 2009.  Plaintiff alleges that he and fellow inmate Emanuel Sultrin were involved in an altercation with the correction officers and that, following the altercation, these officers punched and kicked the inmates while they were restrained.

1

On June 11, 2012, the Court received Plaintiff's discovery motion.  The motion was marked fully submitted on August 7.

**The Applicable Standard**

Fed. R. Civ. 26(b)(1) governs the scope of discovery and permits discovery of materials that are relevant to "any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  "This obviously broad rule is liberally construed."  Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).  "[T]he overriding policy is one of disclosure of relevant information in the interest of promoting the search for truth in a federal question case."  Burke v. N.Y. City Police Dep't, 115 F.R.D. 220, 225 (S.D.N.Y. 1987); see also Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept.").

2

Because Plaintiff is proceeding pro se, his motion shall be viewed in the most favorable light, raising the strongest possible arguments.  See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[P]ro se plaintiffs should be granted special leniency regarding procedural matters.") (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

**Plaintiff's Motion Is Granted In Part And Denied In Part**

Plaintiff's motion seeks production of various items, including: (1) any and all policies, procedures, regulations, instructions, notes, memoranda, internal communications and directives in effect from July 8, 2009 through the date of Defendants' response to the motion concerning primary care for New York City prisoners in custody of the New York City Department of Correction ("DOC"); (2) the federal standards for the primary care of prisoners in DOC custody; (3) the prisoner health care policy and manual for medical staff employed by DOC; (4) any employees' manual for DOC employees; (5) all insurance policies that cover medical malpractice, medical negligence, wrongful death, deliberate indifference, internal delay or denial of treatment; (6) any

3

excessive use of force manuals for DOC employees, or policies,
procedures or memoranda relating to the excessive use of
force; (7) any notes, documents, letters, memoranda, files,
records, record books, logs, video recordings or photographs
taken on July 8, 2009.

Defendants object to the production of any items
relating to the policies, procedures and regulations of the
DOC.  According to Defendants, because there are no
allegations in the complaint that Plaintiff's injuries
occurred pursuant to a municipal policy or practice, Plaintiff
has failed to state a § 1983 claim against the City of New
York pursuant to Monell v. Department of Social Services, 436
U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Because
documents reflecting the policies, procedures and regulations
of the DOC constitute Monell discovery, Defendants contend
that these documents are not reasonably calculated to reveal
admissible evidence concerning the events that took place on
July 8, 2009 between Plaintiff and the named corrections
officers,[1] and Plaintiff's requests for these materials should
be denied.

---

[1]    Counsel for Defendants is appearing on behalf of the City
of New York, Santos and Thom.  Although Rich is named in the
caption, Defendants contend that he was never served with

Defendants further contend that, even if Plaintiff has adequately pled a Monell claim, the majority of the policies and practices identified in Plaintiff's motion concern topics that are not relevant to his claims against Santos and Thom.  Defendants' characterize Plaintiff's complaint as alleging claims of excessive force and denial of medical attention, but neither Santos nor Thom was on the DOC medical staff on the date of the incident.  Additionally, Defendants contend that documents concerning the federal standards for the primary care of the DOC inmates, medical malpractice insurance policies or the prisoner health care policy and manual for DOC medical staff have no connection to Plaintiff's claims against Santos and Thom.

With respect to Plaintiff's request for documents, files, records, logs, photographs and video taken on July 8, 2009, Defendants represent that they have already produced DOC's investigative file, Plaintiff's medical records, video of the Bronx criminal court holding pen area and the certificate of disposition in Alvarez' criminal case along

---

process and is not a party to this action.  This Court takes no position regarding Rich's status as a defendant.

5

with the Bronx criminal court file.  Defendants state that the
DOC investigatory file included the use of force reports,
statements by inmate witnesses, injury to inmate reports,
photographs of Plaintiff and reports of an infraction against
Plaintiff.  Defendants' counsel stated that, although her
review of these materials revealed some photographs to have
not been produced in color, Defendants' counsel would ensure
that color copies were produced to Plaintiff by August 2.
Defendants also offered to reproduce any materials that
Plaintiff may have misplaced.

          As noted above, Fed. R. Civ. P. 26 is liberally
construed and all materials relevant to Plaintiff's claims are
discoverable.  In his complaint, Plaintiff alleges as follows:

> I was involved in a use of force along with Emanuel
> Sultrin 210-09-00811, w[h]ere after I was retrained in
> handcuffs, Correction Officer Rich & Correction Officer
> T[h]om continued to punch, kick & stomp me.  They also
> then ran me into several walls head first along the way
> to the intake search room where they continued to beat &
> pep[p]er spray me.  Afterwards I was thrown in the cold
> shower with all clothes on & beat[e]n in the shower for
> some time.  Emanuel Sultrin 210-09-00811 has about
> fifteen co-defendants that were in that holding p[e]n
> area & witness[ed] the beginning of the use of force
> where I suffered multiple injuries and was denied medical
> subsequently after beaten.

Given the substance of the complaint, Plaintiff's requests for
documents concerning primary care for DOC prisoners, manuals
employed by DOC medical staff and employees, manuals or other
documents concerning the policies relating to the excessive
use of force and any documents, photographs or recordings
related to the events of July 8, 2009 all seem reasonably
calculated to lead to the discovery of admissible evidence.
Each of these requested items may be relevant to any policy
that may exist concerning the care of prisoners, whether DOC
procedures hindered Plaintiff's access to medical care, the
intent of the individual officers involved and the actual
events of July 8, 2009.  Accordingly, Plaintiff's motion is
granted with respect to the first, third, fourth, sixth and
seventh items of discovery enumerated above.

Plaintiff's request concerning the federal standards
for the primary care of DOC inmates is denied in light of the
fact that Plaintiff was held in state custody and because
Plaintiff's request for documents concerning the primary care
of DOC prisoners has been granted.  Plaintiff's request for
documents pertaining to insurance policies that cover medical
malpractice, medical negligence, wrongful death, deliberate
indifference, internal delay or denial of treatment is also

7

denied, as Plaintiff has not established this document request to be related to any of its claims against Defendants.

**Conclusion**

Based on the facts and conclusions set forth above, Plaintiff's motion is granted in part and denied in part.

It is so ordered.

**New York, NY**
**August** 9 **, 2012**

_____
**ROBERT W. SWEET**
**U.S.D.J.**

8